**Barrett L. GRAY, Plaintiff-Appellant,**

v.

**Robert H. FINCH, Secretary of Health, Education and Welfare, Defendant-Appellee.**

**No. 19819.**

United States Court of Appeals, Sixth Circuit.

June 5, 1970.

Quentin J. Lukomski, Detroit, Mich., for plaintiff-appellant.

William D. Appler, Atty., Dept. of Justice, Washington, D. C., for defendant-appellee; William D. Ruckelshaus, Asst. Atty. Gen., Kathryn H. Baldwin, Atty., Dept. of Justice, Washington, D. C., James H. Brickley, U. S. Atty., Detroit, Mich., on brief.

Before EDWARDS, McCREE and COMBS, Circuit Judges.

PER CURIAM.

This is an appeal from the denial of disability benefits under the Social Security Act. Appellant's claim was rejected administratively by a Hearing Examiner, by the Appeals Council, and by the Secretary. The District Court granted summary judgment and affirmed the decision of the Secretary, and the question before us is whether the Secretary's determination is supported by substantial evidence. Social Security Act, § 205 (g), 42 U.S.C. § 405(g).

Under the Act, the claimant must show that he is suffering from a medical disability which prevents him not only from performing his previous work, but also from obtaining any gainful employment. Here appellant presented evidence that he had not been employed since January, 1965, that he suffered shortness of breath when walking and climbing stairs, and pain when bending over. He also introduced written medical reports which tended to confirm the existence of these symptoms. Some of these reports diagnosed his condition as emphysema and suggested the possibility of lung cancer. Only one of the eight medical reports suggested that he was disabled from engaging in any kind of physical work.[1]

There were substantial factual conflicts among the medical reports con-

---

1. The doctor concluded: "In my opinion, it would be difficult for him to engage in any type of physical work, certainly not of the type he had performed in the past."

cerning the degree to which appellant's vital functions were impaired. The Hearing Examiner, the Appeals Council, and the Secretary all held that appellant had not demonstrated disability to prevent him from obtaining any kind of employment. They cited evidence indicating "satisfactory functional breathing capacity", although they conceded that he was probably medically unfit to return to the foundry in which he had worked until 1965, because of its highly polluted atmosphere.

In addition, a vocational expert who was familiar both with appellant's medical evidence and with employment opportunities in the Detroit metropolitan area, testified that appellant was capable of obtaining employment and named several specific jobs and employers. The vocational expert carefully indicated the physical requirements for these jobs, and it is clear from the conclusions of the Hearing Examiner and the Appeals Council that they found from the evidence that appellant could physically perform the duties described.

In summary, then, we hold that there was substantial evidence to support the Secretary's finding that appellant was not disabled under the Social Security Act. The burden was on appellant to convince the Secretary that he was disabled from engaging in his former employment. He satisfied this requirement, thus shifting to the Secretary the burden of going forward with evidence to demonstrate the existence of available employment compatible with appellant's disability. The Secretary introduced evidence of several such jobs, and the burden of persuasion remained with claimant to demonstrate that he could not perform them. There was substantial evidence that he could.

Appellant also contends that hearsay medical evidence alone cannot support a denial of benefits, citing Cohen v. Perales, 412 F.2d 44 (5th Cir. 1969). On rehearing, the Fifth Circuit carefully limited this holding to the situation where timely objection was made to the introduction of medical reports and where live medical testimony was introduced in contradiction to that which is technically hearsay. 416 F.2d 1250 (5th Cir. 1969). We have not adopted the *Perales* rule in this Circuit, and we find it unnecessary to consider this issue because appellant did not object to the introduction of the medical reports and did not introduce contrary live testimony.

The judgment of the District Court is affirmed.