Jimmie Lou VAUGHN, Plaintiff-
Appellant,

v.

Robert H. FINCH, Secretary of Health,
Education, and Welfare, Defendant-
Appellee.

No. 19715.

United States Court of Appeals,
Sixth Circuit.

Sept. 11, 1970.

Ronald W. May, Pikeville, Ky., Damon
A. Vaughn, Madisonville, Ky., on the
brief, for appellant.

Kenneth J. Tuggle, Asst. U. S. Atty.,
Louisville, Ky., Ernest W. Rivers,
U. S. Atty., Louisville, Ky., on the brief,
for appellee.

Before EDWARDS and McCREE,
Circuit Judges, and O'SULLIVAN, Sen-
ior Circuit Judge.

McCREE, Circuit Judge.

This is an appeal from a judgment of
the District Court affirming the decision
of the Secretary of Health, Education,
and Welfare that appellant's disability,
which began on January 31, 1964, termi-
nated January 11, 1968. The Secretary
determined that although appellant could
not resume her former work because of
her physical impairment, she could per-
form light sales work such as selling
merchandise in department stores or oth-
er retail shops, and that there exist in
the economy (and in her immediate vi-
cinity as well) adequate employment op-
portunities of the type for which he
found her qualified. The District Court

found these determinations to be supported by substantial evidence.

Appellant, a woman in her early 50's, was gainfully employed as a demonstrator and sales representative of the West Kentucky Gas Company when she was involved in two automobile accidents in 1964. In both accidents she sustained serious multiple orthopedic and neurological injuries, and she currently experiences secondary hypertrophic arthritis in the spine, with nerve impingement affecting her upper extremities. She was determined by the Secretary to be disabled for a period extending from January 31, 1964 to October, 1966. On August 12, 1968, the Social Security Appeals Council decided that she was entitled to benefits for a period of disability which continued to January 11, 1968. Under the Act, 42 U.S.C. § 423(a), she was thus found eligible to receive benefits until the end of March, 1968. Her action in the District Court sought review of the Secretary's decision that her disability terminated in January, 1968.

As the District Court correctly recognized, the sole question on review is whether the final decision of the Secretary is supported by substantial evidence.

The Appeals Council had before it medical reports from appellant's treating physicians and from other physicians who saw her in consultation with them, and the reports of three physicians who examined her at the request of the Secretary. All of the physicians agreed that she could not return to her pre-accident employment, and her own physician declared that her residual impairment rendered her incapable of any sustained gainful employment.

Of the three physicians who examined her at the Secretary's request, Dr. Jon R. Love concluded: "This 10 per cent impairment — although small — apparently has been of sufficient magnitude in this patient to limit her continuation of her previous employment. I would encourage such a patient to be as active as possible—to become as free as possible of any corset or cervical support. The actual disability from earning a living has been demonstrated that at the present time and in the past that this has not been possible, and I would be hard placed to put an actual percentage of disability as this is a personal injury, and not compensation law. I would consider that a value of 25 to 30 per cent would be the degree of her partial disability in such a patient".

Dr. Alan G. Johnson, a psychiatrist, expressed no opinion about appellant's ability to engage in employment and reported that the possibility of a substantial functional component should be considered.

Dr. George E. Ainsworth, an orthopedic surgeon, reported the following conclusion: "In brief, the picture of this patient is one of a 50-year-old white female who has sustained several injuries including a compression fracture of the fifth thoracic vertebra with resultant ligamentous tightening and very mild limited motion to 80 per cent of normal motion. These are secondary to the injury and the normal ageing process. The weekly reactive latex agglutination test would be indicative of an old rheumatoid arthritis as well as the swelling of the proximal IP joint of the right index finger".

The District Court relied upon Dr. Ainsworth's summary as substantially supporting the determination of the Secretary that plaintiff's residual impairment should not interfere with normal daily activities such as standing, walking, sitting, bending, lifting, using public transportation, driving vehicles, etc.

It is the law of this Circuit and of other Circuits that when it is established that a claimant's disabilities foreclose resumption of his usual employment, the burden of going forward shifts to the Secretary, who must present evidence of available employment which he contends can be performed by the claimant in his lessened capacity. Goad v. Finch, 426 F.2d 1388, 1390, 1391 (6th Cir. 1970); Mullins v. Cohen, 408 F.2d 39, 40 (6th Cir. 1969); Davidson v. Gardner, 370 F. 2d 803, 823–825 (6th Cir. 1966); Hicks

v. Gardner, 393 F.2d 299, 301 (4th Cir. 1968); Carico v. Gardner, 377 F.2d 259, 261 (4th Cir. 1967); Brandon v. Gardner, 377 F.2d 488, 491 (4th Cir. 1967); Boyd v. Gardner, 377 F.2d 718, 721 (4th Cir. 1967); Gardner v. Brian, 369 F.2d 443, 446 (10th Cir. 1966) (en banc); *cf.* Murphy v. Gardner, 379 F.2d 1, 5 (8th Cir. 1967).

Although it appears that appellant has some capacity for gainful employment and that her educational background, which includes demonstrating sewing machines, managing a gift shop, and doing clerical work in the administrative office of a hospital, may make it possible for her to engage in restricted gainful employment, an examination of the record discloses that the Secretary has failed to sustain his burden.

■■ None of the doctors who expressed the opinion that Mrs. Vaughn possessed some residual capacity were told what are the physical demands of the light sales work the Secretary found to exist. There was thus no basis in the record upon which they could form an opinion whether appellant could meet such requirements. Although there may be cases where the amount of residual capacity possessed by a claimant will make such a demonstration unnecessary, *e. g.*, Justice v. Gardner, 360 F.2d 998 (6th Cir. 1966), this is not one. *Cf.* cases cited above. Where a claimant has sustained serious generalized injuries as Mrs. Vaughn did, where the medical testimony establishes an undisputed period of total disability of four years' duration, and where there is no dispute about the continuation of substantial physical impairment with the suggestion of a functional overlay, the Secretary should not be excused from discharging his burden of presenting evidence of available employment which he claims appellant can perform. Only then can a reviewing court determine whether substantial evidence supports the Secretary's determination. For example, the Secretary might have identified a light sales job and might have indicated the extent, if any, of bending, lifting, etc., required

by it, and might have offered medical testimony that these requirements were within Mrs. Vaughn's competence. Such evidence would support the Secretary's determination here by rebutting her testimony that she could not perform these tasks. In other words, once the claimant has demonstrated his inability to perform the duties of his former job, the burden of going forward with evidence showing other employment, the duties of which he can perform, rests on the Secretary; but once the Secretary has met this burden, the burden of demonstrating disability by a preponderance of the evidence is on the claimant. Gray v. Finch, 427 F.2d 336 (6th Cir. 1970).

The judgment below is reversed and the case is remanded with direction to instruct the Secretary to enter an order continuing benefits from January 11, 1968 until they may be suspended in accordance with 42 U.S.C. § 425.