**Lucille F. KOGER, Plaintiff,**

v.

**Elliott L. RICHARDSON, Secretary of Health, Education and Welfare, Defendant.**

**Civ. A. No. 70–C–56–D.**

United States District Court, W. D. Virginia, Danville Division.

March 27, 1971.

John W. Swezey, Ford, Swezey & Beck, Martinsville, Va., for plaintiff.

William G. Davis, Asst. U. S. Atty., Roanoke, Va., for defendant.

## OPINION AND JUDGMENT

DALTON, Chief Judge.

This action is brought pursuant to 42 U.S.C. § 405(g) to contest the defendant's denial of social security disability benefits to the plaintiff. The claimant's application for benefits was denied initially, again on reconsideration, then by the hearing examiner, and finally by the Appeals Council, whose denial of review became the final decision of the Secretary on July 21, 1970. Mrs. Koger continues to meet the special earnings requirement through and beyond the date of this decision.

The claimant is a 53 year old married woman who, until a few years ago, had compiled a faithful work record. For twelve years she operated a spooling machine in a textile mill but in 1946 she obtained employment with the duPont Company as a draw twist operator. This job required the plaintiff to be on her feet constantly and when it began to cause her difficulty, the company gave her another job which she was able to perform, to a large extent, while seated. On May 28, 1969 Dr. T. H. Dickerson, staff physician at the duPont plant where the plaintiff was employed, examined the plaintiff and concurred "with her attending physician and his consultants that she is not able to work eight hours a day." Consequently the claimant was awarded a disability pension by her employer and she has not been employed since that time.

In his decision denying benefits the hearing examiner found that the claimant "retained the physical and mental capacities to continue in the employment at the modernized inspection and tracing center, duPont Company." This employment was the work which the company allowed her to do when she felt herself unable to function as a draw

twist operator. No evidence was taken on the question whether Mrs. Koger was capable of other types of gainful activity.

The state of the case, then, is that the claimant has been retired as disabled from the only employment which the hearing examiner found her capable of doing. While the critical question is whether a claimant is capable of certain substantial gainful activity rather than whether an employer will actually employ him, see Gentile v. Finch, 423 F.2d 244 (3rd Cir. 1970), it does seem that the Secretary should give great weight to an employer's finding that a current employee is no longer suited for employment. Although it is true that disability is to be measured according to the provisions of the Social Security Act rather than by other standards, the fact remains that in this case a private employer has found its employee to be sufficiently disabled for it to award a disability pension rather than requiring her to attempt work. It does not appear that the hearing examiner attached any particular significance to this fact.

Furthermore, the only evidence before the hearing examiner relating to the claimant's sedentary job indicated that she was not fully capable of doing even this type work. The dialogue at the hearing was as follows:

Q. It was sort of a clerical type job?

A. Oh well, no. I wouldn't consider it that because I didn't have the education and qualifications for that. They just let me do that to keep me at work.

\* \* \* \* \* \*

Q. Was this actually a full time job in the modernized center?

A. Not really. Not for somebody that was able to do it. They could have done it much faster. I say again they just made the job for me.

There is no other evidence in the record to indicate that Mrs. Koger's employment in the modernized inspection center was not of the "make-work" variety designed to continue her in some form of employment with the duPont Company.

█ █ There is no doubt but that the burden of persuasion is on a claimant to prove that he is incapable of substantial gainful activity. 42 U.S.C. § 423(d)(5). When a claimant establishes that he is incapable of doing his former job, however, the burden of going forward with evidence that he is capable of other activity is upon the Secretary. Gray v. Finch, 427 F.2d 336 (6th Cir. 1970). It appears that the hearing examiner conceded that the claimant was incapable of working as a draw twist operator and based the denial of benefits upon his belief that Mrs. Koger was still able to work in the inspection center. In view of the evidence that Mrs. Koger's job in the inspection center was not a "bona fide" position, the court does not believe that the Secretary has come forward with evidence indicating the claimant's ability to engage in other substantial gainful activity.

█ The evidence is quite strong that the claimant is incapable of any gainful employment for which she is qualified with the duPont Company. The court is impressed in this regard with the report of Dr. Dickerson, a specialist in occupational medicine. Evidence on the question of the claimant's possible residual abilities for other types of gainful activity has not been developed. It is the court's judgment that good cause exists why this case should be remanded to the Secretary for the purpose of receiving evidence on that issue as provided in 42 U.S.C. § 405(g). It is so ordered.

On remand the Secretary shall also consider any additional medical evidence which may be presented either by the claimant or by the Social Security Administration. There is a suggestion in the record that the claimant has been examined by other doctors whose reports are not contained in the record. The court believes that consideration of any such reports would be valuable to a just resolution of the case.