John W. Peck, Senior Circuit Judge, filed dissenting opinion.

**Betty L. PRICE, Plaintiff-Appellant,**

v.

**Margaret M. HECKLER, Secretary, Department of Health and Human Services, Defendant-Appellee.**

**No. 83–5932.**

United States Court of Appeals, Sixth Circuit.

Argued Feb. 19, 1985.

Decided July 11, 1985.

282

Nan Shelby Calloway, argued, Bowling Green, Ky., Mark D. Pierce, Saladino, Carneal & Pierce, Paducah, Ky., for plaintiff-appellant.

Ronald E. Meredith, U.S. Atty., David T. Gray, James Kerr, argued, Louisville, Ky., for defendant-appellee.

Before ENGEL and KRUPANSKY, Circuit Judges, and PECK, Senior Circuit Judge.

PER CURIAM.

Betty L. Price appeals from the summary judgment granted by United States Magistrate W. David King of the Western District of Kentucky which affirmed the denial by the Secretary of Health and Human Services (Secretary) of widow's insurance benefits for Price.

On January 10, 1980, Price filed an application for widow's insurance benefits based upon disability pursuant to the Social Security Act, 42 U.S.C. § 402(e). Price claimed she was disabled as a result of high blood pressure, obesity, a ventral hernia, uterine prolapse, and cystocele. The application was denied initially and upon reconsideration by the Social Security Administration. Price then requested a *de novo* hearing before an Administrative Law Judge (ALJ).

On August 29, 1981, the ALJ held that claimant Price was not under a disability. The ALJ found that Price established the existence of obesity, hypertension with cardiac decompensation, uterine prolapse, ventral hernia, and cystocele. Nevertheless, he concluded that these impairments were not equivalent in severity and duration to any impairment listed in 20 C.F.R. Appendix 1 of Subpart P which follows section 404.1599. The ALJ's decision became the final decision of the Secretary when the Appeals Council approved the decision on October 8, 1981.

On review of the final decision of the Secretary pursuant to 42 U.S.C. § 405(g), Magistrate King granted summary judgment finding substantial evidence on the record to support the ALJ's decision. Magistrate King found that Price's weight, which fluctuated between 208 and 227 pounds, did not equal or exceed the threshold weight of 236 pounds as listed in section 10.10 of 20 C.F.R. Appendix 1 of Subpart P. In addition, Magistrate King found that Price's obesity and ventral hernia were medically remediable by Price losing weight. Price appeals contending that there is not substantial evidence on the record to support the finding that she was not disabled.

Section 402(e) of the Social Security Act provides disability benefits to a widow if (1) she is the widow of a wage earner who died fully insured, (2) she is between the ages of fifty and sixty, (3) she is disabled, and (4) her disability is expected to result in death or to last for a continuous period of not less than twelve months. A widow is required to satisfy a stricter standard of disability than a wage earner. *Wokojance v. Weinberger*, 513 F.2d 210, 212 (6th Cir.), *cert. denied*, 423 U.S. 856, 96 S.Ct. 106, 46 L.Ed.2d 82 (1975). A widow is not under a disability unless "her physical or mental impairment or impairments are of a level of severity which under regulations prescribed by the Secretary is deemed to be sufficient to preclude an individual from engaging in *any* gainful activity." 42 U.S.C. § 423(d)(2)(B) (emphasis added). Moreover, the widow's inability to work must be based solely upon medical considerations. 20 C.F.R. § 404.1577 (1984). A

wage earner, on the other hand, need only show that his impairment prevents him from performing any substantial gainful activity, which can be based upon such non-medical factors as age, education and work experience. 42 U.S.C. § 423(d)(2)(A). This stricter test of disability for widows does not deprive widows of equal protection of laws. *Wokojance*, 513 F.2d at 212.

Section 423(d)(2)(B) authorizes the Secretary to set standards of severity for alleged disabilities which will be deemed to preclude an individual from engaging in any gainful activity. *Reynolds v. Secretary of Health and Human Services*, 707 F.2d 927 (6th Cir.1983). The Secretary has exercised that authority. An individual cannot qualify for widow's disability benefits unless specific clinical findings show that she suffers from an impairment listed in the Appendix to 20 C.F.R. Subpart P, or clinical findings show that she suffers from one or more unlisted impairments that singly or in combination are the medical equivalent of a listed impairment. 20 C.F.R. § 404.1578 (1984); *Wokojance*, 513 F.2d at 212.

Section 10.10 of 20 C.F.R. Appendix 1 of Subpart P provides that a person may be disabled because of obesity if that person's weight is equal to or greater than an enumerated value and the person suffers from one of five additional ailments. Price asserts that her obesity was accompanied by hypertension. Section 10.10 provides that a woman who is 60 inches in height must weigh 230 pounds and have hypertension with diastolic blood pressure persistently in excess of 100mm. Price fails to meet these impairment standards.

Price's height is at least 60 inches.[1] There are, however, no clinical findings that Price's weight exceeded 230 pounds. Her highest reported weight was 227 pounds on June 31, 1980; her lowest weight was 208 pounds on July 31, 1980.

In addition, Price's diastolic blood pressure varied from 130 to 90. The lower readings followed Dr. Hunt's treatment of Price for hypertension. In short, Price has failed to meet the listed impairments.

A widow will also be considered disabled if she suffers from one or more unlisted impairments that singly or in combination are the medical equivalent of a listed impairment. The Secretary found that Price's impairments were not equivalent in severity to any impairment listed in 20 C.F.R. Appendix 1 of Subpart P. The Social Security Act mandates that "[t]he findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Substantial evidence is defined as such relevant evidence as a reasonable mind might accept as adequate to support a particular conclusion. *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 59 S.Ct. 206, 83 L.Ed. 126 (1938); *Beavers v. Secretary of Health Education and Welfare*, 577 F.2d 383, 388 (6th Cir.1978).

Price asserts that her obesity and hypertension in combination with her ventral hernia, uterine prolapse and cystocele [2] is medically equivalent to a listed impairment and renders her unable to engage in any gainful activity. There is substantial evidence in the record that Price can perform some gainful activity. First, the record shows that Price is well oriented and is able to manage her own affairs. Dr. Amble reported that Price has "bright normal intelligence when compared with the norms of her age group" and "may well have the capacity for much more complex employment demands [than routine and repetitive tasks]." Joint Appendix at 81–83. Price testified that she lives alone and does her own housework. *Id.* at 25, 28. With respect to Price's ailments, Dr. Bradford reported that the uterine prolapse was minimal and the cystocele was small. *Id.*

---

1. Price testified that she was 61 inches in height. Dr. Amble states in his report that she is 60½ inches, and Dr. Bradford states in his report that she is 60 inches in height. If Price measured 61 inches in height, she would be required to weigh 236 pounds to meet the listed weight requirement.

2. Cystocele is a large protruding vaginal wall resulting from childbirth.

at 75. Price testified that a very snug girdle seems to handle and control the hernia. *Id.* at 28, 74. Dr. Hunt, Price's treating physician, reported that standing and bending would put more pressure on her female organs and vagina, but sitting for long periods of time would not have any effect on the hernia or cystocele. *Id.* at 93–94. Although not free from physical problems, Price has failed to meet the strict standards for widow's benefits that she cannot engage in *any* gainful activity.

■ Whether Price met the strict standard for widow's benefits is a close question. The question being close, however, persuades us that we should not disturb the findings of the ALJ. Although the ALJ's findings of fact could have been stated with more particularity, we are not persuaded that his findings are legally insufficient. Our conclusion as to the adequacy of the findings and as to disability might well be different if claimant were a wage earner subject to the more liberal substantial gainful activity test. In our circuit, when a claimant cannot perform his previous work, the burden shifts to the Secretary to bring forth evidence of available employment compatible with claimant's limitations. *Vaughn v. Finch*, 431 F.2d 997, 998 (6th Cir.1970). In these cases, more particular findings may be necessary. *See Zblewski v. Schweiker*, 732 F.2d 75 (7th Cir.1984). Price's appeal, however, does not raise these issues, and we do not decide them. Accordingly, we affirm the denial of benefits.

JOHN W. PECK, Senior Circuit Judge, dissenting.

The ALJ who considered Price's claim offered no analysis whatever to support his conclusion that Price is not disabled. Because the ALJ's decision provides an insufficient basis for evaluation of the Secretary's denial of benefits, I respectfully dissent.

The ALJ's discussion of the medical evidence, stated in full, is as follows:

### EVALUATION OF THE EVIDENCE

Betty Price is the 51-year-old widow of Floyd B. Price who died fully insured on January 8, 1980. She has not remarried. She is overweight and has high blood pressure, a reducible ventral hernia, cystocele, cardiac decompensation, uterine prolapse. It is apparent that the conditions constitute a severe impairment, but the conditions, individually or in combination, do not meet or equal in severity the Secretary's list of impairments.

ALJ's decision at 3; Joint Appendix at 8. I most respectfully suggest that to say that these findings "could have been stated with more particularity," as the majority does, is an understatement. They were stated with no particularity at all. It is impossible to determine from these findings why the ALJ did not believe that Price's admittedly "severe" impairments did not, in combination, "equal in severity the Secretary's list of impairments."

The Seventh Circuit said, in *Zblewski v. Schweiker*, 732 F.2d 75 (1984):

It is more than merely "helpful" for the ALJ to articulate reasons (*e.g.*, lack of credibility) for crediting or rejecting particular sources of evidence. It is absolutely essential for meaningful appellate review. As the Third Circuit put it in *Cotter v. Harris*, 642 F.2d 700, 705 (3d Cir.1981), when the ALJ fails to mention rejected evidence, "the reviewing court cannot tell if significant probative evidence was not credited or simply ignored."

*Zblewski*, 732 F.2d at 79. The Sixth Circuit recently cited this language with approval in *Hurst v. Secretary of HHS*, 753 F.2d 517, 519 (1985).

If it is "absolutely essential" to appellate review for an ALJ to state his reasons for crediting particular evidence, it is still more essential that he articulate the reasons for his conclusions. Nor can the ALJ's failure to offer any analysis for his conclusions be justified, as the majority suggests, because this case represents a claim by a widow rather than a wage earner. While it is true that different criteria are used to deter-

mine whether wage earners and widows are disabled, the ALJ's denial of benefits did not rely on evidence that Price could perform gainful activity. It was based on the unsupported conclusion that her impairments, in combination, were not equal in severity to those contained in the listings. The distinction between the two standards thus is irrelevant to the ALJ's failure to offer reasoning.

I believe that the rule stated in *Zblewski* and cited with approval in *Hurst* is an eminently sensible one. I would reverse and remand for the filing of findings sufficient to provide some basis for judicial review. Accordingly, I respectfully dissent.