774 F.2d 1164
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Percy G. Tooson, Plaintiff-Appellant,
v.
Secretary of Health and Human Services, Defendant-Appellee.
 No. 84-1609
 United States Court of Appeals, Sixth Circuit.
 9/17/85
 
 E.D.Mich.
 AFFIRMED
 ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN
 BEFORE: KEITH and KRUPANSKY, Circuit Judges; and GIBBONS[1], District Judge.
 PER CURIAM.
 
 
 1
 Appellant Percy G. Tooson appealed from the district court's decision affirming the Secretary's denial of his application for social security disability benefits.
 
 
 2
 At the time of his application, Tooson was thirty-nine years old and had a twelfth grade education. He had previously worked as an auto assembler, a janitor and a kitchen helper.
 
 
 3
 Tooson alleged a disability onset date of April, 1975, due to emotional problems. He was hospitalized three times during 1975 due to confused, bizarre and paranoid behavior. At the time of his final discharge in July, 1975, the treating physician described him as 'very much improved', and recommended continuation of medication and visits to a therapist. In September of 1975, Tooson was diagnosed as probable low-grade paranoid schizophrenic with possible depressive neurosis. Job training was recommended.
 
 
 4
 Both in 1977 and 1978, Tooson was determined by the Department of Social Services to be stable, improved by treatment, able to cope with daily routine, and capable of working in an environment of limited stress. He was again urged, however, to seek out-patient psychiatric care.
 
 
 5
 In 1980, the Secretary's consultant from the Disabilities Determination Service conducted a psychiatric examination of Tooson. The examiner, who had previously treated Tooson in 1975, diagnosed a 'factitious disorder with psychological symptoms and a histrionic disorder', and stated that must of Tooson's behavior appeared to be contrived.
 
 
 6
 Two other treating physicians reported that over the course of their treatment of Tooson they had observed no signs of chronic, physical illnesses, but had observed latent schizophrenia, anxiety, depression and tension headaches. They recommended out-patient treatment at a mental health clinic.
 
 
 7
 In December of 1982, Tooson's treating physician, Dr. Allis, reported that Tooson was disabled from employment. In a residual functional capacity report consisting of ten functional ability components, he noted only slight or non-existent impairment in seven areas, with moderate impairment in the remainder. The physician cited three factors dispositive to his determination of disability: 1) severely impaired ability to relate to others due to paranoid feelings; 2) somatic preoccupation; and 3) impaired ability to concentrate. Dr. Allis noted, however, that Tooson was relevant, coherent and oriented in all three spheres, although emotionally constricted. At the time of the hearing, Tooson's only medical treatment consisted of visits to Dr. Allis every three months and daily medication of Thorazine. He had not followed recommendations to seek psychiatric care.
 
 
 8
 Tooson's claim was denied both initially and upon reconsideration. It was again denied following a de novo hearing, and the Appeals Council affirmed the a.l.j.'s decision that Tooson did not suffer from a severe impairment as defined by 20 C.F.R. Sec. 404, Appendix I, Subpart P. The Secretary's refusal of disability benefits was affirmed by the district court.
 
 
 9
 Tooson alleged that the court erred in affirming the Secretary's finding that he did not suffer from a severe impairment.
 
 
 10
 It is well settled that the burden of proof rests upon the claimant to establish his entitlement to disability insurance under the Social Security Act. Block v. Richardson, 438 F.2d 1181 (6th Cir. 1977). A prima facie case of disability is established when the claimant demonstrates a medically determinable impairment, supported by clinical and laboratory findings, and the impairment at issue prevents claimant from performing his previous work. Hephner v. Mathew, 574 F.2d 359, 362 (6th Cir. 1978). The ultimate burden of persuasion remains on the claimant to prove that any given impairment or combination thereof renders claimant unable to engage in any substantial employment. Vaughn v. Finch, 431 F.2d 997, 999 (6th Cir. 1970).
 
 
 11
 Although the Secretary's decision must be supported by substantial evidence, which is such relevant evidence as a reasonable mind might accept as adequate to support a particular conclusion, Richardson v. Perales, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427 (1971), it is for the Secretary to resolve conflicts in the evidence and to decide questions of credibility. Wakojance v. Weinberger, 513 F.2d 210 (6th Cir.), cert. denied, 423 U.S. 856, 96 S.Ct. 106 (1975).
 
 
 12
 A review of the record disclosed that the Secretary's decision was based on the consideration of the record as a whole, Futernick v. Richardson, 484 F.2d 647 (6th Cir. 1973), and that the final determination denying benefits was based on substantial evidence. In view of the foregoing this case is AFFIRMED.
 
 
 
 [1]
 Hon. Julia Gibbons, United States District Judge, United States District Court for the Western District of Tennessee, sitting by designation