780 F.2d 1021
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
(The decision of the Court is referenced in a "Table of Decisions Without Reported Opinions" appearing in the Federal Reporter.)
MARTHA M. JONES, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 85-1130
 United States Court of Appeals, Sixth Circuit.
 11/25/85
 
 AFFIRMED
 W.D.Mich.
 On Appeal from the United States District Court for the Western District of Michigan, Southern Division
 Before: KENNEDY and MILBURN, Circuit Judges; and COOK,* District Judge.
 PER CURIAM.
 
 
 1
 Plaintiff Martha Jones appeals the denial of her claim for widow's benefits under the Social Security Act. The issue before this Court is whether the Secretary's decision is supported by substantial evidence.
 
 
 2
 Widow's benefits are available under 42 U.S.C. Sec. 402(e). Plaintiff must show that she has a disabling medical condition as that term is defined in the Act. See 42 U.S.C. Sec. 423(d). Under Sec. 423 the test for establishing entitlement to benefits is more demanding for widows and widowers than it is for wage earners. To collect disability payments, plaintiff must show that she is incapable of performing any gainful employment. 42 U.S.C. Sec. 423(d)(2)(B). In addition, the Secretary will not consider any factor other than plaintiff's physical and mental impairment. 20 C.F.R. Sec. 404.1577.[1] In order to establish that she is not capable of performing any gainful activity, a widow must show that her impairment is one of those set forth in the Listing of Impairments, 20 C.F.R., Subpart P, Appendix 1, or that it is the medical equivalent of a listed impairment. 20 C.F.R. Sec. 404.1578(a)(1).[2]
 
 
 3
 Plaintiff's application for benefits is based on four conditions or events: arteriosclerosis obliterans (a circulatory deficiency), hypertension, diabetes mellitus, and a cerebrovascular accident (a stroke). According to Dr. Allen Davies, the medical advisor at the ALJ hearing, the arteriosclerosis obliterans is plaintiff's worst problem. In 1979 a translumbar aortogram showed complete blockage of the abdominal aorta. Bypass surgery was performed, followed by more operations in 1980, 1981, and 1982 in an attempt to alleviate the condition. In 1982 plaintiff also suffered a stroke, but plaintiff admits that there was substantial evidence to support the conclusion that her recovery was nearly complete. Dr. Frederick Clements examined plaintiff in 1983 and suspected partial occlusion of the internal iliac arteries and deficient circulation to the upper thigh museles. Her right arm artery again appeared blocked.
 
 
 4
 Plaintiff has been hospitalized twice for diabetes with glucose out of control. Dr. K. S. Bernies reported in November 1982 that her diabetes was under fair control with insulin and that there was no acidosis. He did state, however, that employment would aggravate her condition. Plaintiff has also been taking medication for hypertension.
 
 
 5
 Plaintiff testified about her symptoms at the ALJ hearing. She spoke of her inability to climb steps with ease, numbness and weakness in the fingers of her right (dominant) hand, loss of sensation in her left arm due to her stroke, the inability to sit or stand for more than twenty minutes at a time and nervousness and anxiety resulting in difficulty dealing with other people.
 
 
 6
 Under 42 U.S.C. Sec. 405(g), '[t]he findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive . . ..' 'Substantial evidence means more than a scintilla of evidence. It means such relevant evidence as a reasonable mind would accept as adequate to support a conclusion.' Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983).
 
 
 7
 The ALJ heard the testimony of plaintiff and Dr. Davies (the medical advisor) and also considered various medical reports. Dr. Davies opined that plaintiff failed to meet the stated requirements for each of the arguably applicable listed impairments. He also stated that the clinical findings of her impairments, considered singly or in combination, were not medically equivalent to the requirements of any of the listed impairments. Plaintiff does not dispute Dr. Davies' specific findings with regard to each of the listed impairments considered singly.
 
 
 8
 Plaintiff offers three reasons why the ALJ's decision was not supported by substantial evidence. First, she claims that Dr. Davies (the medical advisor at the ALJ hearing) did not consider plaintiff's symptoms of disability (i.e., her testimony at the hearing) in making his determination that plaintiff failed to satisfy the Listings' requirements. The regulations state that where, as is the case here, a claimant is attempting to show that her impairment is medically equivalent to a list impairment, that determination will be based 'on medical evidence only.' 20 C.F.R. 404.1526(b) 'Any medical findings in the evidence must be supported by medically acceptable clinical and laboratory diagnostic techniques.' Id. There does not seem to be a requirement that the testifying medical advisor specifically state that he has considered the symptoms and that they are not supported by clinical evidence. Dr. Davies heard the testimony and did refer to it on a different issue. Furthermore, the final decision rests in the hands of the ALJ, who considered plaintiff's testimony.
 
 
 9
 Plaintiff next complains that Dr. Davies' testimony was defective because he misunderstood the definition of medical equivalence in the regulation. Thus, the ALJ could not accept his statement that plaintiff's impairments, considered in combination, were not severe enough to be equivalent to a listed impairment. Admittedly, Dr. Davies' testimony is difficult to follow on this issue. See Tr. 40-41, 43-44. Plaintiff's main complaint with his testimony is that he was trying to come up with a common denominator for the various impairments. The ALJ did read the relevant section of the regulations, 20 C.F.R. 404, 1526, to Dr. Davies before seeking his medical opinion. The regulations state that the ALJ is to consider the symptoms, signs, and laboratory findings about plaintiff's impairments to determine whether the combination of plaintiff's impairments is medically equal to any listed impairment. See Price v. Heckler, 767 F.2d 281, 283 (6th Cir. 1985). Thus, Dr. Davies did not err in his attempt to determine if plaintiff's medical impairments, when considered in combination, were medically equal to any one of the listed impairments. It is reasonable to assume that this is what Dr. Davies meant when he spoke of 'common denominators.'
 
 
 10
 Furthermore, the ALJ was entrusted with the power to decide the disability issue, and there is no indication in the record that he misunderstood the meaning of medical equivalence or that he misunderstood Dr. Davies' testimony. Finally, plaintiff's argument improperly puts the burden on the Secretary to show that plaintiff is not disabled. She offers no evidence in her brief supporting the contention that the combination of her impairments is equivalent to one of the listed impairments.
 
 
 11
 The decision of the District Court is affirmed.
 
 
 
 *
 Honorable Julian Abele Cook, Jr., United States District Court for the Eastern District of Michigan, sitting by designation
 
 
 [1]
 Wage earners need only show that their impairment prevents them from performing any substantial gainful activity. The Secretary will also consider non-medical factors--age, education and work experience--in her determination. 42 U.S.C. Sec. 423(d)(2)(A)
 
 
 [2]
 20 C.F.R. Sec. 404.1526 sets forth the test for medical equivalence
 (a) How medical equivalence is determined. We will decide that your impairment(s) is medically equivalent to a listed impairment in Appendix 1 if the medical findings are at least equal in severity and duration to the listed findings. We will compare the symptoms, signs and laboratory findings about your impairment(s), as shown in the medical evidence we have about your claim, with the medical criteria shown with the listed impairment. If your impairment is not listed, we will consider the listed impairment most like your impairment to decide whether your impairment is medically equal. If you have more than one impairment, and none of them meets or equals a listed impairment, we will review the symptoms, signs, and laboratory findings about your impairments to determine whether the combination of your impairments is medically equal to any listed impairment.
 (b) Medical equivalence must be based on medical findings. We will always base our decision about whether your impairment(s) is medically equal to a listed impairment on medical evidence only. Any medical findings in the evidence must be supported by medically acceptable clinical and laboratory diagnostic techniques. We will also consider the medical opinion given by one or more physicians designated by the Secretary in deciding medical equivalence.