**188**

Randy PARKER, Plaintiff,

v.

Margaret M. HECKLER, Secretary of Health and Human Services, Defendant.

No. 83–1300.

United States District Court, W.D. Tennessee, E.D.

Dec. 31, 1985.

Jane Jarvis, West Tennessee Legal Services, Jackson, Tenn., for plaintiff.

W. Hickman Ewing, Jr., U.S. Atty. and Alice A. Howze, Asst. U.S. Atty., Memphis, Tenn., for defendant.

## ORDER REMANDING CAUSE TO SECRETARY

TODD, District Judge.

Plaintiff, Randy Parker, filed this action to obtain judicial review of defendant Secretary's final decision denying his applications for disability insurance benefits and supplemental security income benefits under Sections 223 and 1611 of the Social Security Act (hereinafter "Act"), as amended (42 U.S.C. §§ 423, 1382). Plaintiff's applications were denied initially and upon reconsideration by the Social Security Administration. The determination that plaintiff did not meet the disability requirements under the Act was affirmed by an administrative law judge (ALJ) on *de novo* review. The Appeals Council's approval on October 21, 1983, of the ALJ's determination that plaintiff was not entitled to benefits became the Secretary's final decision.

Plaintiff then filed this action, requesting that this Court reverse the Secretary's decision on the grounds that no substantial evidence exists in the record to support the decision of the defendant. Plaintiff also

contends that the Secretary erred in refusing to reopen or revise prior applications by plaintiff for benefits and in failing to evaluate his applications under SSR 83–15, 83–16, and 83–17. Defendant asserts that her decision is supported by substantial evidence and that her refusal to reopen or revise the prior decisions may not be reviewed by this Court.

Under 42 U.S.C. §§ 405(g) and 1383(c)(3), judicial review in this court is limited to determining whether or not there is substantial evidence to support the Secretary's decision. *Allen v. Califano*, 613 F.2d 139 (6th Cir.1980). When the findings of the Secretary are supported by substantial evidence, they are conclusive and must be affirmed. *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971).

## HISTORY OF THE CASE

At the time of the administrative hearing, plaintiff was a twenty-seven year old male with past work experience as a barber and as an unskilled laborer for a farm, a restaurant and a grocery store. Plaintiff finished the twelfth grade, but attended special education classes for grades nine through twelve. Although plaintiff alleged that he had been disabled since birth, it appears from the record that plaintiff has worked in the past and has been unable to work since October 1981.

The administrative hearing in this case was held on January 28, 1983, at Jackson, Tennessee. Plaintiff was represented by counsel at the hearing and both he and his father testified. He alleged that he was under a disability due to cerebral palsy, a hearing impairment, a nervous condition, and spasticity of his motor functions due to his cerebral palsy.

The ALJ concluded that plaintiff had met the special disability earnings requirements of the Act since December 1978, but that he was not disabled within the meaning of the Act and regulations promulgated thereunder. This latter conclusion was based upon the finding that although plaintiff has severe back and leg problems, he retained the residual functional capacity to do sedentary work except for work involving excessive walking, bending, stooping, reaching, and heavy lifting. These findings were based upon consideration of the record and observation of the plaintiff at the hearing.

## ANALYSIS

The Social Security Act defines disability as the inability to engage in substantial gainful activity for claims under both the disability insurance and Supplemental Security Income provisions of the Act. 42 U.S.C. §§ 423, 1382(c). Similarly, the standard for judicial review of the Secretary's decisions under the Act is the same for both types of claims. 42 U.S.C. §§ 405(g), 1383(c)(3). Accordingly, the two claims in this case will be considered together and social security disability insurance cases will be cited for both as appropriate.

Under §§ 405 and 1383, the initial burden in an administrative hearing is on the claimant to show that he is disabled from engaging in his former employment. Once this is done, the burden shifts to the Secretary to demonstrate the existence of available employment compatible with the claimant's disability and background. *Gray v. Finch*, 427 F.2d 336 (6th Cir.1970). The burden of proving disability rests on the claimant. *Ragan v. Finch*, 435 F.2d 239 (6th Cir.1970), *cert. denied*, 402 U.S. 986, 91 S.Ct. 1685, 29 L.Ed.2d 153 (1971).

### A. *Administrative Res Judicata*

As noted above, plaintiff alleged not only that the Secretary's decision on his present application should be reversed, but also that her decision not to reopen or revise prior decisions denying plaintiff benefits was erroneous. Before considering the present application, the issue raised by defendant's refusal to reopen or revise the prior applications will be addressed.

After attempting to work following graduation from high school and a vocational training class, plaintiff applied for disability benefits. That application was ap-

proved, and plaintiff received benefits from June 6, 1978, through December 17, 1979. His benefits were stopped at that time by his request, because he wanted to "make it on his own." After attempting to work for approximately six months, plaintiff then reapplied for disability benefits on June 11, 1980, alleging that his disability had never ceased. That application was denied and an administrative hearing was scheduled on plaintiff's request. Because he failed to give an adequate mailing address, the defendant's attempts to notify him of the hearing date were returned and the hearing request dismissed. Plaintiff appealed that dismissal to the Appeals Council, however, the Council determined that the dismissal was proper. Plaintiff did not pursue judicial review of that decision.

■ As part of his present applications and administrative proceedings, plaintiff requested that the ALJ reopen or revise his 1979 termination and/or the decision on his 1980 application. That request was denied by the ALJ on the basis of 20 C.F.R. § 416.1488 as not being within the time period authorized by that section for reopening a decision. Plaintiff now alleges on appeal that subpart (c) of § 416.1488 permits reopening at any time if the decision sought to be reopened "was obtained by fraud or similar fault." According to plaintiff, his mental disabilities and the fact that he was not represented by counsel during the period in which he should have appealed the decision constitute such "similar fault" as to justify reopening the decision.

Of interest is that amid the myriad of definitions contained in the regulations, "similar fault," as used in § 416.1488(c), is not defined. Of further interest is the fact that the parallel regulation for disability insurance benefits, 20 C.F.R. § 404.988(c), lists not only "fraud or similar fault" as a basis for reopening a decision at any time, but ten other situations that also justify reopening a decision regardless of the time that has elapsed since that decision. A review of the situations presented in § 404.988(c), although not necesarily binding on applicants proceeding under the Supplemental Security Income portion of the Act, serves to shed some light on the Secretary's intended meaning of "similar fault" in § 416.1488(c). The situations presented by § 404.988(c)(2)—(11) all appear to involve either a mistake or the discovery that some event either occurred or did not occur. None of those parts of § 404.988(c) involve mistakes by the applicant such as the failure to assert a claim or timely appeal an adverse decision. This Court finds the absence of such situations indicative of the Secretary's intent that such situations are not included in the term "similar fault." In light of the remainder of § 404.988(c), the reference to "similar fault" in subpart (1) of that regulation appears to refer to fault such as fraud being perpetrated on the Secretary by a party. In that sense, failure to timely appeal a decision, for whatever reason, does not appear to be within the meaning of § 404.988(c)(1).

■ Because § 416.1488(c) is, for the most part, a parallel section to § 404.988(c), this Court finds that the term "similar fault" has the same meaning in each section. Accordingly, the ALJ's finding that § 416.1488 did not authorize reopening of the prior decision must be upheld. Because the Secretary has declined to reopen prior final determinations to which timely appeal was not taken, this Court has no jurisdiction to review those decisions. 42 U.S.C. § 1383(c)(3); *Califano v. Sanders,* 430 U.S. 99, 107–08, 97 S.Ct. 980, 985–86, 51 L.Ed.2d 192 (1977); *Bagby v. Harris,* 650 F.2d 836, 838 (6th Cir.), *cert. denied,* 454 U.S. 1087, 102 S.Ct. 647, 70 L.Ed.2d 623 (1981).

### B. *The Present Applications*

■ With regard to his present applications, plaintiff asserts that substantial evidence to support the Secretary's decision does not exist. It is noted at the outset that because of plaintiff's young age, the medical-vocational guidelines of Appendix 2 to Subpart P of the regulations dictate a finding of not disabled even if plaintiff

retains only the residual functional capacity to perform sedentary work. The use of these guidelines in lieu of testimony by a vocational expert was upheld by the Supreme Court in *Heckler v. Campbell*, 461 U.S. 458, 103 S.Ct. 1952, 76 L.Ed.2d 66 (1983). Accordingly, plaintiff can only be found to be entitled to disability benefits under the Act if he meets or exceeds a listing of impairments in Appendix 1 to Subpart P of the regulations.

Section 11.07 of Appendix 1 contains the listing for claims involving cerebral palsy. In order to meet that listing, the claimant must have cerebral palsy *and*

A. I.Q. of 69 or less; or

B. Abnormal behavior patterns, such as destructiveness or emotional instability; or

C. Significant interference in communication due to speech, hearing, or visual defect; or

D. Disorganization of motor functions as described in 11.04B.

In his hearing decision, the ALJ specifically addressed part D of § 11.07 and found that plaintiff did not have the required disorganization of motor function. This finding was based upon a review of the medical evidence submitted by Drs. Robert J. Barnett and Aldo R. Bevilacqua. A review of that evidence reveals that substantial evidence does exist to support the ALJ's finding that plaintiff did not meet part D of § 11.07 and that finding must be upheld.

The ALJ did not specifically address parts A, B, or C of § 11.07. It is clear from the record that plaintiff's I.Q. is not 69 or less and he thus does not meet part A. *See* Psychological Evaluation at Administrative Transcript (AT) 134. Plaintiff also alleged in this appeal that he meets part C of § 11.07. That part requires a "significant interference in communication due to speech, hearing, or visual defect." With regard to that part, evidence that plaintiff has difficulty speaking is contained in the record, as is his allegation of a hearing defect. Dr. Bevilacqua, a board-certified neurologist and psychologist hired by the state to perform a disability determination

examination, noted a subjective decrease in plaintiff's hearing, but stated that it had no clinical significance. AT 123. Dr. Bevilacqua also noted that plaintiff's speech was "mildly spastic," but stated that he was "fairly well understood." AT 122. In addition to Dr. Bevilacqua's observations, a psychological evaluation reported that although the plaintiff alleged that he had a hearing impairment and owned a hearing aid, he did not use it during the evaluation and did not exhibit any hearing difficulties. AT 134. That document also noted some spasticity in plaintiff's speech, but the evaluators, like Dr. Bevilacqua, found plaintiff's speech understandable. *Id.* This evidence would tend to refute plaintiff's allegations of a significant hearing or speech impairment, although no specific finding was made by the ALJ. Accordingly, this Court finds that plaintiff did not meet the requirements of part C to § 11.07.

It is not as clear, however, that plaintiff does not meet part B of § 11.07. Plaintiff testified that at least part of his problems with past work experiences was his inability to cope with the pressures of work. AT 41, 43–46. The psychological evaluation stated that plaintiff had schizoid and depressive tendencies that would be likely to be manifested by social withdrawal. AT 135. This evidence is in contrast to the findings of Dr. Bevilacqua who found no evidence of depression or psychosis, although he did note that plaintiff appeared tense during his examination. AT 122. The conflict between plaintiff's testimony, the psychological evaluation, and Dr. Bevilacqua's examination was not reconciled by the ALJ in his decision other than the mere conclusory statement that "It is further the decision of this Administrative Law Judge that the claimant's non-exertional impairments do not significantly interfere with the claimant's ability to engage in sedentary work activities." AT 23. Because it is unclear to this Court that plaintiff does not meet the requirements of § 11.07B of the listing of impairments, this cause must be remanded to the Secretary for further consideration.

**192**

### SUMMARY

In light of the foregoing discussion, plaintiff's allegation of error in the Secretary's refusal to reopen or revise her prior decisions is found to be without merit. Furthermore, this Court finds that substantial evidence does exist in the record to support the ALJ's determination that plaintiff was physically capable of sedentary work and that he did not meet or exceed § 11.07D of the listings of impairments. A *de novo* review of the medical evidence contained in the record reveals that plaintiff does not meet or exceed parts A or C of § 11.07, however, it is not clear that plaintiff does not meet part B of that listing. Accordingly, this cause is remanded to the Secretary for further consideration of plaintiff's claim, with instructions to evaluate plaintiff's claim that he meets § 11.07B of the listing of impairments, including the taking of additional evidence, if necessary.

IT IS SO ORDERED.