810 F.2d 199
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Alma J. BOYD, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 85-5866.
 United States Court of Appeals, Sixth Circuit.
 Nov. 4, 1986.
 
 Before: MARTIN, GUY, and NORRIS, Circuit Judges.
 PER CURIAM.
 
 
 1
 Plaintiff, Alma Boyd, filed concurrent applications for supplemental security income benefits and for widow's insurance benefits, alleging disability due to high blood pressure, arthritis, obesity, a loss of hearing and vision, and pain. Following a hearing before an administrative law judge (ALJ), the ALJ granted plaintiff's application for SSI benefits[1] and denied her application for widow's benefits. The Appeals Council denied review, and thus the ALJ's decision became the final decision of the Secretary. Plaintiff then appealed that portion of the Secretary's decision which denied her widow's benefits to the United States District Court, which granted summary judgment in the Secretary's favor. For the reasons which follow, we affirm.
 
 
 2
 This court has recently determined that a claimant applying for widow's benefits must satisfy a stricter standard of disability than an individual applying for SSI benefits. Dorton v. Heckler, 789 F.2d 363, 365 (6th Cir.1986); Price v. Heckler, 767 F.2d 281, 282 (6th Cir.1985). Therefore, there is no inherent inconsistency between the ALJ's finding that plaintiff is entitled to SSI benefits, but is not entitled to widow's benefits. Hence, the sole issue on appeal is whether the ALJ's finding that plaintiff is not entitled to widow's benefits is supported by substantial evidence.
 
 
 3
 Under the Social Security Act, a widow is entitled to benefits if (1) she is a widow of a wage earner who died fully insured; (2) she is between the ages of fifty and sixty; (3) she is disabled; and (4) her disability is expected to result in death or to last for a continuous period of not less than twelve months. 42 U.S.C. § 402(e). In this case, the only issue is whether plaintiff is "disabled" for purposes of widow's insurance benefits. The concept of "disability" for purposes of widow's benefits is determined strictly by medical evidence; factors such as age, education and work experience--all of which would be considered by the Secretary in a SSI claim--are excluded from consideration in widow's disability claims. The Act provides that a widow is not disabled "unless his or her physical or mental impairment or impairments are of a level of severity which under the regulations prescribed by the Secretary is deemed to be sufficient to preclude an individual from engaging in any gainful activity." 42 U.S.C. § 423(d)(2)(B) (emphasis added). Under the Secretary's regulations, a widow does not qualify for benefits unless specific clinical findings establish that she suffers from an impairment listed in the Appendix 1 to C.F.R. Part 404, Subpart P, or that her impairments singly or in combination are the medical equivalent of a listed impairment. 20 C.F.R. § 404.1578; Price, 767 F.2d at 283.
 
 
 4
 The first issue, then, is whether any of plaintiff's impairments meet the listings in the Appendix 1 to C.F.R. Part 404, Subpart P. Plaintiff claims that she meets the obesity listing. Section 10.10 of 20 C.F.R. Appendix 1 of Subpart P provides that a person may be disabled because of obesity if his or her weight is equal to or greater than the threshold weight listed in the accompanying tables for a person of his or her height, and the person suffers from a history of pain and limitation of motion in any weight bearing joint associated with X-ray evidence of arthritis. Plaintiff's argument fails at the outset because she does not meet the threshold weight limit for a person of her height. The record indicates that plaintiff's height is 65 1/2 inches. Giving her the benefit of rounding down, at 65 inches, she would have to weigh 266 pounds to meet the listings. The record indicates that at the time of the hearing her weight was 259 pounds and that her normal average weight is between 230 and 240 pounds. Her normal weight falls well below the weight necessary to meet the obesity listing.
 
 
 5
 Plaintiff does not specify any other listed impairments which she might meet,[2] but instead argues that when considered in combination, her impairments are medically equivalent to the listed impairments. The ALJ found that plaintiff has
 
 
 6
 severe osteoarthritis affecting the lumbar spine and left knee, exogenous obesity, a hearing loss in the right ear, decreased visual acuity and chronic arthritic pain, but that she does not have an impairment or combination of impairments listed in, or medically equal to one listed in Appendix 1, Subpart P.
 
 
 7
 Plaintiff claims that since she was at least close to meeting the obesity listing, when all of her other impairments are considered, her overall condition is equally as severe as those listed in the regulations in that her impairments preclude her from performing any gainful employment. Her argument, however, is substantially undercut by her testimony and the testimony of her sister at the administrative hearing. With respect to her daily activities she testified:
 
 
 8
 Q One more question, give me a little more detail on what you do during the day?
 
 
 9
 A I get up and eat breakfast, and I read my Bible. And I fix me a bite to eat. I put some toast in and fix me a cup of coffee. And if I have--I get the absentees and Sunday School calls and send those cards. And mostly I just set and watch TV. I try to get some women at the church--sometimes we'll go in the car. One of them will drive and we'll go into a home and set and talk to someone.
 
 
 10
 Q Are you on the visitor's committee for the church?
 
 
 11
 A No, not on the committee. I just do it on my own.
 
 
 12
 TR 42. She also testified that she can drive her own automobile, that she drove to the hearing and that she drives to church frequently. TR 31-32. In response to the ALJ's question whether she could perform a job requiring her to answer the telephone and keep appointments, she answered, "I suppose I could," although she thought that getting to and from work would be painful.[3] TR 31. Her sister also testified that plaintiff drives to church at least twice a week; works at the phone "quite a bit calling the people who have come to visit her Sunday School class; goes out to visit for the church about once a week; and, grocery shops with her. TR 61-62. If plaintiff is capable of all of the activities which she and her sister testified to, there is no doubt that she is not precluded by her impairments from performing "any gainful activity." The ALJ's denial of widow's benefits is therefore supported by substantial evidence.
 
 
 13
 Accordingly, the judgment of the district court is AFFIRMED.
 
 
 
 [1]
 The ALJ found that although her multiple severe impairments do not meet the listings set forth in the regulations, plaintiff is precluded from performing her past relevant work as a secretary and because the range of sedentary work which she can perform is severely limited, there are not a significant number of jobs in the national economy which she can perform
 
 
 [2]
 Although plaintiff does not attempt to fit her impairments into any other listings, it appears that plaintiff's back impairment does not meet Section 1.05 of the listing which describes the requirements for disorders of the spine; her visual and hearing impairments also fall well short of the listing requirements; her congestive heart failure is not persistent and therefore does not meet section 4.02(A) and (B) of the listings; her osteoarthritis does not meet Sections 1.02 or 1.03 of the listings
 
 
 [3]
 For purposes of plaintiff's SSI benefits application, the ALJ found that plaintiff could no longer perform her past relevant work as a secretary because her arthritis would preclude typing