885 F.2d 871
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Alice S. RUSHIN, Plaintiff-Appellant,
v.
Otis R. BOWEN, M.D., Secretary of Health and Human Services,
Defendant-Appellee.
 No. 88-1916.
 United States Court of Appeals, Sixth Circuit.
 Sept. 25, 1989.
 
 Before RALPH B. GUY, Jr. and RYAN, Circuit Judges, and DAVID D. DOWD, Jr., District Judge.*
 PER CURIAM.
 
 
 1
 Claimant, Alice Rushin, appeals from a denial of social security disability benefits. Rushin initially filed for benefits on May 7, 1986, alleging that she became unable to work on January 18, 1986, due to a cyst on her left leg and back pain. Rushin's claim was denied at the administrative level and subsequently by an administrative law judge (ALJ). The ALJ determined that claimant could perform her past relevant work. After the Appeals Council denied review, Rushin sought judicial review. In the district court this matter was referred to a magistrate who recommended that summary judgment be entered in favor of the Secretary because substantial evidence supported the decision of the ALJ. The district court, after fully considering the objections filed by claimant to the magistrate's report and recommendation, entered judgment for the Secretary.
 
 
 2
 On appeal, claimant repeats the arguments she made to the district court contending that her impairments meet the requirements of the Listing of Impairments, 20 C.F.R. Part 404, Subpart P, Appendix 1, Sec. 10.10. Alternately, claimant argues that if her impairments do not meet the listing, they should be considered as equivalent to the listing. Upon completing our own review of the record, we agree with the district court that substantial evidence supports the Secretary's determination and, accordingly, we affirm.
 
 I.
 
 3
 Claimant was forty-one years of age at the time of the hearing before the ALJ. She was a high school graduate with some college credits. Rushin last worked at the Detroit Edison nuclear generating plant in Monroe, Michigan, as a nuclear records clerk, a job she held for four years. Prior to that time, she held jobs as an operator of a printout machine, a job interviewer for CETA, and a clerk/typist. The vocational expert who testified at the hearing classified this prior work as clerical, semi-skilled, and sedentary.
 
 
 4
 Rushin is 5 feet 7 inches tall and weighs in excess of 330 pounds. Her primary complaint is that she is unable to work because of pain in her back and legs which makes it impossible for her to sit for prolonged periods of time.
 
 
 5
 Since January of 1986, when claimant was hospitalized for a microscopic hematuria (blood in the urine) and right leg pain, she has seen a number of doctors, including four at the University of Michigan Neurosurgery Clinic. The reports and findings of these doctors have been reviewed at length in both Magistrate Pepe's detailed opinion and Judge Cohn's written opinion, which addressed claimant's objections to the magistrate's report. Nothing would be served by repeating this review, and it is unnecessary to do so in order to address claimant's arguments to this court.
 
 II.
 
 6
 Section 10.10 of the listing provides that a claimant may establish disability due to obesity "if that person's weight is equal to or greater than an enumerated value and the person suffers from one of five additional ailments." Price v. Heckler, 767 F.2d 281, 283 (6th Cir.1985). Obesity alone is not enough to qualify for disability benefits. Rushin claims that her obesity was accompanied by arthritis. Part A of section 10.10 addresses arthritis. The Secretary concluded that although Rushin's weight was greater than that required by the listing, she failed to satisfy the requirements of section 10.10A, which reads in pertinent part: "History of pain and limitation of motion in any weight bearing joint or spine (on physical examination) associated with X-ray evidence of arthritis in a weight bearing joint or spine." Rushin argues that she has provided x-ray evidence of arthritis in the spine. The Secretary, the magistrate, and the district judge all determined that the evidence Rushin cited was insufficient to fulfill the standard set forth in section 10.10A. We agree.
 
 
 7
 None of the specialists who examined Rushin prior to the hearing mention arthritis in their reports. Rushin vigorously argues that we should "interpret" the medical findings to mean "arthritis" even though that terminology is not used. As did the district court, we find this argument unpersuasive. For us to conclude that some of the medical findings could possibly be read to refer to arthritis would necessitate substituting our judgment for that of the Secretary. Our limited standard of review will not allow for such a substitution.
 
 
 8
 We find ourselves similarly limited as to claimant's alternate argument that we should find that the severe L5-S1 radiculopathy diagnosed by Drs. Sweasey and Chandler in October 1986, qualifies as an equivalent finding under 20 C.F.R. Secs. 404.1526 and 416.926. The evidence of record, however, shows that the radiculopathy is not equivalent to, or as severe as, the arthritis described in section 10.10A. Radiculopathy is a disease of the nerve roots and, unlike arthritis, does not cause inflammation, infection, or trauma. Drs. Sweasey and Chandler, both neurosurgeons, did find EMG evidence of radiculopathy; however, there was "no evidence of a herniated disc on either CT or myelogram." They noted improvement, suggested that Rushin continue a conservative course of therapy, and suggested that she lose weight. These findings do not constitute medical findings of equal or greater clinical significance within the Secretary's definition of equivalency.
 
 III.
 
 9
 On appeal, as she did below, claimant places great emphasis on our decision in Johnson v. Secretary of Health and Human Services, 794 F.2d 1106 (6th Cir.1986). Johnson is relevant because it involves consideration of obesity as a disabling condition. However, in Johnson, the claimant suffered acute back strain, herniated lumbar disc, obesity, some edema in the ankles, and chronic myositis. The evidence of arthritis in Johnson was more definitive than the equivocal evidence of arthritis in the instant case. In Johnson, the consulting physician, the treating physician, and the Secretary found that the plaintiff had arthritis. Here, there has been no such finding.
 
 
 10
 We conclude by noting that this is a case in which both the magistrate and the district judge gave very specific attention to the arguments that claimant now repeats on appeal. Although the magistrate's report was very thorough and detailed, Judge Cohn did not merely reject claimant's objections and rubber stamp the magistrate's report but, rather, wrote yet another opinion carefully addressing each of the claimant's objections. Nothing would be served by our repeating this earlier analysis with which we fully agree.
 
 
 11
 AFFIRMED.
 
 
 
 *
 Honorable David D. Dowd, Jr., United States District Court for the Northern District of Ohio, sitting by designation