842 F.2d 331
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Eric D. HAMILTON, Plaintiff-Appellant
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee
 No. 87-5697.
 United States Court of Appeals, Sixth Circuit.
 March 17, 1988.
 
 Before KEITH, BOYCE F. MARTIN, Jr., and RYAN, Circuit Judges.
 PER CURIAM.
 
 
 1
 The plaintiff, Eric D. Hamilton, appeals the decision of the district court affirming the determination of the Secretary of Health and Human Services denying his application for disability insurance benefits. The plaintiff argues on appeal that the Secretary's denial of benefits was not supported by substantial evidence, when the Appeals Council substituted its opinion of the credibility of the plaintiff for that of the administrative law judge, and when the decision failed to give proper weight to the treating physician's opinion as to disability.
 
 
 2
 The evidence in this case indicates that the plaintiff is an illiterate twenty-three year old whose only public work was for six years as a laborer for a grocery wholesaler. This position necessitated lifting as much as 100 pounds of feed and other items. While on the job, plaintiff injured his back on May 23, 1984. Plaintiff has not worked since receiving the injury. It is undisputed that he suffers from some degree of mental retardation; WAIS-R testing conducted on December 29, 1984, reflected a verbal I.Q. of 64, a performance I.Q. of 61, and full scale I.Q. of 62.
 
 
 3
 On October 31, 1984, plaintiff filed an application for disability insurance benefits. He was initially denied, and then denied again later upon reconsideration by a decision dated April 15, 1985. Plaintiff then filed a request for a hearing, which was conducted before an administrative law judge on December 13, 1985. On March 21, 1986, the administrative law judge issued a decision finding that the plaintiff was entitled to a period of disability commencing May 23, 1984, and to disability insurance benefits under the Social Security Act. The Appeals Council reviewed this case on its own motion, and in a decision dated July 25, 1986, reversed the decision of the administrative law judge and found that plaintiff was not disabled or entitled to a period of disability. On April 30, 1987, the district court affirmed the decision of the Secretary.
 
 
 4
 The claimant alleges that his condition meets the requirements of Section 12.05(C), and, alternatively, that his condition meets the requirements of Section 12.05(B), so as to render him disabled by reason of medical considerations alone. Section 12.05(C) provides that an individual is disabled for medical reasons where there is a valid verbal, performance, or full scale I.Q. of 60 to 69 inclusive and a physical or other mental impairment imposing additional and significant work-related limitations of function. 20 C.F.R. Part 404, Subpart P, Appendix 1, Sec. 12.05(C) (1986). Thus, under Section 12.05(C), a claimant must prove not only that he suffers from a particular I.Q. level, but also an impairment imposing additional significant work-related limitations. It is not disputed that claimant has tested within the prescribed 60 to 69 range.
 
 
 5
 With respect to the second showing, the Appeals Council disagreed with the findings of the administrative law judge. The issue for this court on review is to determine whether the Appeals Council's findings are supported by substantial evidence. Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir.1986). The findings of the Secretary as to any fact, if supported by substantial evidence, must be considered conclusive. 42 U.S.C. Sec. 405(g). Dorton v. Heckler, 789 F.2d 363, 366 (6th Cir.1986).
 
 
 6
 The plaintiff argues on appeal that in light of the medical evidence in the record, the Appeals Council's decision that the claimant was able to perform work at all levels of exertion through the heavy level was not supported by substantial evidence. The plaintiff points to the opinion of Dr. Ameji, who was plaintiff's physician, that he considered plaintiff disabled. Dr. Ameji submitted a Functional Capacities Chart to the effect that the plaintiff would be able to sit, stand or walk only two hours at a time, and only four hours in an eight hour day. Plaintiff also argues that the Appeals Council incorrectly rejected the credibility findings of the administrative law judge and failed to state reasons based on substantial evidence in the record for rejecting those findings as required. See Howard v. Heckler, 782 F.2d 1484 (9th Cir.1984).
 
 
 7
 While we agree that there is medical evidence supporting plaintiff's arguments, we also believe that there is substantial evidence supporting the conclusion of the Appeals Council. Dr. Young, who conducted the first examination report of record subsequent to the alleged injury, dated July 10, 1984, found no loss of sensation of the arm, a normal reflex examination, a normal motor examination, and a normal range of motion of the shoulder. Dr. Young considered the problem mechanical, and specifically stated that he did not think there was any evidence of nerve root compression or a nerve injury. Plaintiff did not seek treatment for his back condition again until December 1984 when he was hospitalized and treated by Dr. Ameji. We believe the Secretary articulated an acceptable rationale for rejecting the opinions of Dr. Ameji and Dr. Shafer, who examined plaintiff in March 1985. Dr. Shafer reported on May 19, 1986, that plaintiff had what she believed to be an aggravation of the lumbar spine.
 
 
 8
 With respect to Dr. Ameji, the Appeals Council noted that it was unclear how he had arrived at his conclusion that claimant was disabled when his examination reflected no neurological problems and he had only seen the claimant just prior to his hospitalization. The December 15, 1984 examination report by Dr. Ameji contained no information about sensory, reflex, or motor abnormalities, muscle weakness or atrophy, no supporting objective evidence for his residual functional capacity assessment, reported only limited range of motion testing, and otherwise did not provide objective support for his qualified statement that the claimant could not "at this moment" return to gainful employment. With respect to Dr. Shafer, the Appeals Council noted that she did not state that she considered the plaintiff disabled, nor did she advise him to limit his activities, and a thermogram that she had ordered was not diagnostic of a disc injury without other significant clinical signs.
 
 
 9
 As additional support for its position, the Appeals Council had evidence from a Dr. Guberman, who conducted an examination on December 28, 1984. He found mild to moderate tenderness of the lumbar spine, no paravertebral muscle spasm, no muscle weakness or atrophy, normal straight leg raising, well-preserved sensory modalities, and no evidence of nerve root compression. We believe the evidence from Dr. Young and Dr. Guberman constituted "substantial evidence," sufficient to form the basis of the Secretary's determination.
 
 
 10
 We turn now to plaintiff's claim that the Appeals Council improperly rejected the administrative law judge's credibility finding as to plaintiff's complaints of pain. We believe the Council's evaluation of plaintiff's subjective complaints of pain was in conformity with the analysis required by this court as enunciated in Duncan v. Secretary of Health and Human Services, 801 F.2d 847 (6th Cir.1986). That standard requires medical evidence of an underlying impairment and objective medical evidence to confirm the severity of the alleged pain, or objective evidence that the impairment is of a severity which could reasonably be expected to give rise to the alleged pain. 801 F.2d at 853. We believe the Appeals Council properly evaluated the reports of the treating physicians and the consultative examiner in determining that the record did not contain sufficient evidence of anatomical, physiological, or psychological abnormalities to justify plaintiff's complaints of alleged pain. Accordingly, we hold that the requirements of Sec. 12.05(C) have not been met.
 
 
 11
 Finally, we hold that there is no merit to plaintiff's argument that he falls within the requirements of Sec. 12.05(B) for a finding of a listed impairment. An individual is disabled pursuant to this section where there is a valid verbal, performance, or full scale I.Q. of 59 or less. 20 C.F.R. Part 404, Subpart P, Appendix I, Sec. 12.05(B) (1986). While the plaintiff may not have an I.Q. significantly above those found in Sec. 12.05(B), to meet the requirements of a listed impairment it is necessary that the specific findings described in the listing in question be present. They are not present here. See 20 C.F.R. Sec. 404.1525(c) (1986); Social Security Ruling 83-19, Titles II and XVI: Finding Disability on the Basis of Medical Considerations Alone--The Listing of Impairments and Medical Equivalency. Accordingly, we hold that plaintiff has not met the requirements of Sec. 12.05(B).
 
 
 12
 For the foregoing reasons, we believe the Secretary's decision denying plaintiff disability benefits was supported by substantial evidence, and the decision of the district court is hereby affirmed.