843 F.2d 1392
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Peggy Ann NILSON, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH & HUMAN SERVICES, Defendant-Appellee.
 No. 87-1373.
 United States Court of Appeals, Sixth Circuit.
 April 7, 1988.
 
 Before ENGEL, MERRITT and KRUPANSKY, Circuit Judges.
 MERRITT, Circuit Judge.
 
 
 1
 The issue in this Social Security case is whether the Secretary's denial of the claimant's application for widow's insurance benefits was supported by substantial evidence. An administrative law judge denied benefits, but a magistrate recommended that benefits be awarded. The District Judge, however, rejected the magistrate's recommendation and denied the appellant's claim. We affirm.
 
 
 2
 Section 402(e) of the Social Security Act provides disability benefits to a widow or widower if he or she is the widow or widower or surviving divorced spouse of a wage earner who dies fully insured, if he or she is between the ages of fifty and sixty, and if he or she has a disability that is expected to result in death or is expected to last for a continuous period of not less than twelve months. The sole issue in this case is whether Nilson is disabled within the meaning of the statute.
 
 
 3
 It is well established that the standard of disability is stricter for widow's benefits than it is for wage earners. See Dorton v. Heckler, 789 F.2d 363, 365 (6th Cir.1986); Wokojance v. Weinberger, 513 F.2d 210, 212 (6th Cir.), cert. denied, 423 U.S. 856 (1975). For a widow to be considered disabled, her impairments must be "of a level of severity which under regulations prescribed by the Secretary is deemed to be sufficient to preclude an individual from engaging in any gainful activity." 42 U.S.C. Sec. 423(d)(2)(B). Cf. 42 U.S.C. Sec. 423(d)(2)(A) (individuals except widows, surviving divorced wives, widowers, or surviving divorced husbands are considered disabled if they are unable to engage in any kind of "substantial gainful work that exists in the national economy.")
 
 
 4
 The regulations setting forth the standards of severity for disabilities are contained in Appendix 1 to 20 C.F.R. Part 404, Subpart P. This appendix is called the "Listing of Impairments." A claimant cannot qualify for widow's disability benefits unless specific clinical findings show that she suffers from one of these impairments or that she suffers from one or more unlisted impairments that singly or in combination are the medical equivalent of a listed impairment.
 
 
 5
 The administrative law judge found that Nilson suffers from cystitis, diverticulitis, colitis, and asthma. He found that the medical evidence in the record did not establish either the existence of a listed impairment or an impairment or combination of impairments that are the medical equivalent of a listed impairment. The magistrate disagreed with the administrative law judge's conclusion concerning Nilson's diverticulitis. She found that the claimant's diverticulitis was a disorder of the digestive system that fell within section 5.00 A. of the listings. On appeal, the claimant argues that the magistrate was correct.
 
 
 6
 Plaintiff's argument is based on her and the magistrate's fundamental misreading of the regulation. Section 5.00 A is the general introduction to Section 5.00, which is the section of the listings concerning digestive disorders. The required level of severity of impairment is found in sections 5.01 et seq., under "Category of Impairments." See 20 C.F.R. 404.1525(c) ("Each section of the Listing of Impairments has a general introduction containing definitions of key concepts used in that section.... Following the introduction in each section, the required level of severity of impairment is shown under 'Category of Impairments' by one or more sets of medical findings."). Thus, a finding that the claimant suffered from some of the symptoms set out in the introduction is insufficient to establish that she had an impairment or impairments equal in severity to one of the specific listed impairments.
 
 
 7
 The ALJ's finding was clearly supported by substantial evidence. Nothing in the record indicated that the plaintiff's disorders would result in an impairment that lasts for a continuous period of twelve months. Additionally, although the plaintiff clearly does have some degree of disability (she already receives Supplemental Security Income), the record showed that she was unable to present clinical evidence supporting the level of severity of impairment which she had to demonstrate. Thus, it is clear that the administrative law judge's conclusion was supported by substantial evidence. Therefore, we affirm the decision of the District Court.