857 F.2d 1474
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Shirley M. HARRIS, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 87-1852.
 United States Court of Appeals, Sixth Circuit.
 Sept. 9, 1988.
 
 Before ENGEL, Chief Judge, NATHANIEL R. JONES and ALAN E. NORRIS, Circuit Judges.
 PER CURIAM.
 
 
 1
 Appellant Shirley Harris appeals the judgment of the United States District Court for the Eastern District of Michigan granting the Secretary of Health and Human Service's motion for summary judgment in Harris' challenge to the Secretary's denial of disabled widow's insurance benefits under 42 U.S.C. Sec. 402(e) and 20 C.F.R. Sec. 404.1520(a) for her heart condition. Harris alleges that her heart condition, diagnosed as recurrent arrhythmias, is medically equivalent to a listed condition under Appendix 1 (Listed Impairment 4.05--recurrent arrhythmias). In contrast, the administrative law judge found that Harris' heart condition was not severe enough to be considered the medical equivalent of the listed impairment, since Harris has not experienced any episodes of cardiac syncope.[1] The Appeals Council declined to review the administrative law judge's decision, and the district court affirmed the administrative law judge's decision denying Harris benefits. The sole issue raised in this appeal concerns whether Harris' heart condition is the medical equivalent of the "listed" condition set forth at section 4.05. 20 C.F.R. Part 404, Subpart P, Appendix 1.
 
 
 2
 Upon careful consideration of Harris' claim, we conclude that the administrative law judge's finding is supported by substantial evidence. Although we deeply sympathize with Mrs. Harris' physical limitations arising from her heart condition, we are nevertheless convinced that her case of recurrent arrhythmias is not medically equivalent to the recurrent arrhythmias condition set forth at section 4.05 of Appendix 1. Our court has repeatedly held that "[a]n individual cannot qualify for widow's disability benefits unless specific clinical findings show that she suffers from one of these [listed] impairments or that she suffers from one or more unlisted impairments that singly or in combination are the medical equivalent of a listed impairment." Dorton v. Heckler, 789 F.2d 363, 365 (6th Cir.1986) (emphasis added; citation omitted). See also 20 C.F.R. Sec. 404.1578(a)(1). Harris admits that she has never experienced an episode of cardiac syncope as required under section 4.05, but she fails to present evidence of any other experience, involving for example a state of unconsciousness, which could be considered comparable in severity to an episode of cardiac syncope.
 
 
 3
 Accordingly, the judgment of the district court affirming the Secretary's denial of widow's benefits is AFFIRMED.
 
 
 
 [1]
 Cardiac syncope involves a sudden loss of consciousness. The listing at section 4.05 specifically provides: "Recurrent arrhythmias (not due to digitalis toxicity) resulting in uncontrolled repeated episodes of cardiac syncope and documented resting or ambulatory (Hoter) electrocardiography." Section 4.05, App. 1