907 F.2d 151
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Alberta SMITH, Plaintiff-Appellant,
v.
Louis SULLIVAN, Defendant-Appellee.
 No. 89-3904.
 United States Court of Appeals, Sixth Circuit.
 July 3, 1990.
 
 Before MILBURN and DAVID A. NELSON Circuit Judges and ENGEL, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Plaintiff-appellant Alberta Smith appeals the district court's grant of summary judgment upholding the Secretary of Health and Human Services' denial of her application for disabled widows' benefits. Smith claims to be disabled by mental retardation, a spinal disorder, and the combination of both. For the reasons that follow, we affirm.
 
 I.
 
 2
 Smith first applied for disabled widows' benefits in December 1983. Her application was denied initially, upon reconsideration, and after a hearing, by an administrative law judge. After the Appeals Council denied her application for review of the ALJ's denial, Smith instituted this action.
 
 
 3
 The district court remanded the case on the Secretary's motion for reconsideration under newly enacted mental impairment regulations. After a second hearing, the ALJ again denied Smith's application in a decision issued January 27, 1987. The Appeals Council again denied Smith's application for review, and the case returned to the district court. The parties filed cross-motions for summary judgment, and the district court referred the matter to the magistrate.
 
 
 4
 On February 27, 1988, the magistrate issued a Report and Recommendation in which he recommended that the denial of Smith's application be upheld as being supported by substantial evidence. On August 31, 1989, the district court adopted the magistrate's recommendation in full, granted the Secretary's motion for summary judgment, and dismissed Smith's complaint.
 
 
 5
 Smith was born on December 31, 1925, and was fifty-nine years old at her first hearing. She has a sixth-grade education, is functionally illiterate, and last worked as a dishwasher in 1973.
 
 
 6
 In January 1984, Dr. Kenneth Felker, a psychologist, examined Smith and found that she had a verbal IQ of 72, performance IQ of 71, and a full scale IQ of 71. He concluded that her test scores placed her "in the borderline range of adult intellectual functioning." He noted that she exhibited a high level of adaptive behavior, and concluded that her lack of education kept her from attaining higher test scores.
 
 
 7
 Smith began receiving treatment for pain in her lower back and feet in 1977. She underwent a bunionectomy on her right foot in 1982 and experienced an uneventful recovery. She apparently had another bunionectomy later, on the same foot, with the same result.
 
 
 8
 Smith was examined by a number of doctors, all of whom generally found that she had some narrowing in her lumbar spine (in the area of L3-4) caused by mild degenerative arthritis, infrequently claimed tenderness to palpitation, and retention of 3/5 of her strength in her right leg. However, they also found that she retained deep tendon reflexes in both legs, adequate muscle strength in her lower back and legs, and the ability to bear her weight on both feet and walk on her heels. She also showed no sign of muscle atrophy.
 
 
 9
 Dr. James Zarr conducted a "Residual Functional Capacity Assessment" and concluded that Smith did not meet or exceed the Listing of Impairment for spinal disorders. See 20 C.F.R. Sec. 404, Subpt. P, Appendix 1, Listing 1.05(C) (hereinafter "section 1.05(C)"). Dr. Myung Cho reported on a "Disability Determination Rationale" form that Smith's health impairments were not "of the severity for her to be awarded disability widows' benefits." The Secretary's medical advisor, Dr. Marta Steinberg, testified that her evaluation of the medical evidence led her to conclude that Smith's impairments did not meet or exceed the listings for mental retardation, see 20 C.F.R. 404, Subpt. P, Appendix 1, Listing 12.05(C) (hereinafter "Section 12.05(C)") or spinal disorders (section 1.05(C)). She also concluded that the combined effects of Smith's impairments were not disabling.
 
 II.
 
 10
 A widow must satisfy a stricter standard of disability than a wage earner. See Dorton v. Heckler, 789 F.2d 363, 365 (6th Cir.1986) (per curiam). In evaluating the Secretary's denial of Smith's application, we are not to consider her education or work experience, but only the medical evidence pertaining to her alleged impairments. See 42 U.S.C. Secs. 402(e); 423(d)(2)(B).
 
 
 11
 Smith claims to be disabled by mental retardation under section 12.05(C). She does not meet this listing, however, because her full-scale IQ score was 71, two points above the maximum listing score. Smith argues that she "functionally" met the listing and that she deserves a remand to explore the possible range of error in her testing. We note that it was her burden initially to prove her disability and to challenge the accuracy of her testing. Moreover, the Secretary's regulations do not provide for functional equivalency where test scores are specified.
 
 
 12
 Smith next asserts that she was disabled by a spinal disorder under section 1.05(C). Section 1.05(C)(2) requires claimants to prove that they have experienced "[a]ppropriate radicular distribution of significant motor loss with muscle weakness and sensory and reflex loss" for three months, and that they expect the condition to last twelve months. Smith asserts that she has met this burden, yet she supports this assertion with citations to two doctors' reports which do not support her claim.
 
 
 13
 In one report, Dr. Zarr specifically noted that Smith did not meet or exceed section 1.05(C). In the other, Dr. Robert Rochelle noted after conducting an orthopedic examination of Smith that she could bear her weight on her feet, that the pulses in her legs were good, and that her deep tendon reflexes were present and equal. These reports cannot be interpreted to demonstrate the "significant motor loss with muscle weakness and sensory reflex loss" required by section 1.05(C). Moreover, we find the medical evidence in the record of this case to be filled with physicians' reports that are inconsistent with Smith's claimed disability under section 1.05(C). The examining physicians generally found that she has symmetrical reflexes, minimal sensory loss, and while she retained only 3/5 of the muscle strength to her right leg, she retained the back and leg strength to engage in lifting and carrying weighty objects.
 
 
 14
 Smith also argues that when her impairments are considered "in combination, they are equivalent to a listed impairment." However, she never indicates which listed impairment she functionally satisfies. Instead, she uses this argument to introduce the new claim that she is disabled by pain. See Duncan v. Secretary of Health and Human Services, 801 F.2d 847, 853 (6th Cir.1986). We reject this claim outright because in the absence of exceptional circumstances, which are not present in this case, we do not review issues not first presented to the agency below. See Hix v. Director, OWCP, 824 F.2d 526, 527 (6th Cir.1987); see also Pinney Dock and Transp. Co. v. Penn Cent. Corp., 838 F.2d 1445, 1461 (6th Cir.), cert. denied, 109 S.Ct. 196 (1988).
 
 III.
 
 15
 Accordingly, for the foregoing reasons, the judgment of the district court is AFFIRMED.