Carrie E. **HENSLEY**, on behalf of Tiffany Hensley, a minor, Plaintiff–Appellant,

v.

**COMMISSIONER OF SOCIAL SECURITY,** Defendant–Appellee.

No. 02–2358.

United States Court of Appeals, Sixth Circuit.

June 9, 2003.

Before: KEITH, BATCHELDER, and CLAY, Circuit Judges.

## ORDER

Carrie E. Hensley, on behalf of her minor daughter, Tiffany Hensley, appeals a district court judgment affirming the Commissioner's denial of her application for supplemental security income benefits. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Ms. Hensley filed an application for supplemental security income benefits for her daughter Tiffany on December 7, 1998. Tiffany was born on November 25, 1989, and was allegedly disabled due to depression.

After a hearing, an administrative law judge (ALJ) denied Tiffany benefits because the ALJ determined that Tiffany did not have a condition which met or equaled an impairment found in 20 C.F.R. Part 404, Subpart P, Appendix 1. The Appeals Council declined to review the ALJ's decision.

Ms. Hensley then filed a civil action seeking judicial review of the Commissioner's decision. Upon de novo review of a magistrate judge's report, the district court affirmed the denial of benefits and granted judgment to the Commissioner.

Judicial review is limited to determining whether there is substantial evidence in the record to support the ALJ's findings of fact and whether the ALJ applied the correct legal standards. *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir.1997). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971). The court must affirm the ALJ's decision if his findings and inferences reasonably drawn from the record are supported by substantial evidence, even if that evidence could support a contrary decision. *Key*, 109 F.3d at 273.

There is a three step process in evaluating a claim when the individual is seeking supplemental security income benefits under childhood disability. First, the claimant must not be engaged in substantial gainful activity. Second, the claimant must have a severe impairment. Finally, the claimant must have an impairment which meets or medically equals one of the impairments found in 20 C.F.R. Part 404, Subpart P, Appendix 1, or an impairment which is functionally equal to one of the

impairments listed in the Appendix 1. *See* 20 C.F.R. § 416.924 (2000). In order to be found disabled based on a listed impairment, the claimant must exhibit all the elements of the listing. 20 C.F.R. § 416.925(a) (2000); *Hale v. Sec'y of Health and Human Servs.*, 816 F.2d 1078, 1083 (6th Cir.1987). It is insufficient that a claimant comes close to meeting the requirements of a listed impairment. *See Dorton v. Heckler*, 789 F.2d 363, 367 (6th Cir.1986).

The decision of the Commissioner is supported by substantial evidence. The issue before the court is whether Tiffany satisfies § 112.04 and § 112.11 of Appendix 1. The ALJ found that Tiffany had attention deficit disorder, oppositional defiant disorder, dysthemia, and status post-surgical repair to the right palm due to a cut. There is no listed impairment for the cut to the right palm.

As for her mental conditions, although Ms. Hensley contends that Tiffany has very poor concentration, school records indicate that Tiffany's use of Ridlin helps keep her attention. Tiffany is also on Zoloft for depression. Although her mother contends that she is withdrawn, Tiffany was not withdrawn at the time of the hearing. The ALJ found that Tiffany was polite at the hearing and did not demonstrate any chronic abnormalities. The ALJ noted that the medical evidence did not show Tiffany to have the severity and frequency of attacks or exasperation required by the listed impairments. The listings require that Tiffany must have an inability to help herself or care for her personal needs. Tiffany's mother states that her daughter refuses to perform household chores. However, Tiffany is capable of caring for her own personal hygiene. There was no evidence that Tiffany was unable to care for her personal needs while at school.

As for social functioning, the regulations require Tiffany to have an inability to play along with another child in a group, to initiate and develop friendships, to respond to social environments through appropriate and increasingly complex behavior, and to relate appropriately to individuals in group situations. Tiffany's mother indicated that Tiffany was argumentative, often lied, and required special education. Tiffany underwent a psychiatric examination. Tiffany was found to be very oppositional during the examination and refused to answer questions directed at her. The psychiatrist diagnosed Tiffany as suffering from oppositional defiant disorder. However, testing indicated only mild psychological symptoms. As for Tiffany's cognitive skills, the record indicates that Tiffany is in special education classes thirty to sixty minutes a day. Notations indicate that Tiffany was not performing to her capabilities. Tiffany's teacher noted that Tiffany had no speech problems. IQ testing indicated that Tiffany had a verbal IQ of 92, performance IQ of 89, and a full scale IQ of 90. As for her motor skills, evidence indicated that Tiffany had no physical problems and was in good health. In examining the requirements of § 112.04 and § 112.11, the evidence does not indicate marked limitations with respect to Tiffany's concentration, persistence, cognitive or communicative skills, motor or social functioning, and no limitations with respect to her personal functioning. As Tiffany's conditions do not satisfy a listed impairment, she is not entitled to an award of benefits.

Accordingly, we affirm the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.